IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-06-530 (1) |
| | § | |
| IRMA RAMOS DE GARCIA. | § | |

### ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Pending before the Court is movant Irma Ramos De Garcia's ("De Garcia") motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the 2007 Guideline Amendment 9. (Docket Entry ("D.E.") 34.)   The motion was received by the Clerk on December 3, 2007.

The statute under which De Garcia files her motion, 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

De Garcia relies on Amendment 9 to the United States Sentencing Guidelines, which went into effect on November 1, 2007.  Amendment 9 reduces the offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances.  It was designed to reduce the "unwarranted disparity" between sentences for crack and sentences for powder cocaine.  See Press Release, U.S. Sentencing Commission, "U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007) (*available* at http://www.ussc.gov/PRESS/rel121107.htm).

1

The United States Sentencing Commission has voted to apply Amendment 9 retroactively, and has set March 3, 2008 as the effective date for retroactivity.  Id.  Based on the March 3, 2008 retroactivity date, De Garcia's motion is premature at this time.

Moreover, from the Court's review of the record and, in particular, De Garcia's Presentence Investigation Report ("PSR"), it is evident that De Garcia is not entitled to relief under Amendment 9.  De Garcia was convicted of possession with intent to distribute approximately 15.07 kilograms of cocaine, *not* cocaine base or crack cocaine.  (See PSR at  ¶¶ 1, 4.)  Additionally, there was no relevant conduct in her case that stemmed from crack cocaine or cocaine base.  (See PSR at ¶¶ 4, 9.)  Indeed, there is no mention of cocaine base or crack cocaine at all in De Garcia's PSR.  Accordingly, Amendment 9 is inapplicable in De Garcia's case and she is not entitled to relief.

For the foregoing reasons, De Garcia's motion to reduce (D.E. 34)  is DENIED.

It is so ORDERED this 19th day of February, 2008.

_____
Janis Graham Jack
United States District Judge

2